[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 07, 2010
JOHN LEY
CLERK

No. 09-16368
Non-Argument Calendar
_____

D. C. Docket No. 04-02523-MD-T-30TBM

In Re:


ACCUTANE PRODUCTS LIABILITY.

_____

JULIA BISHOP, as co-personal
representative of the estate
of Charles Bishop, deceased,
et al.,

                                                        Plaintiffs,


CHRISTOPHER M. PERRONNE,
EILEEN BARIL,
KENNETH S. PALMER,
CLAY R. SEYMOUR,
JASON S. ADKINS,

                                                        Plaintiffs-Appellants,


                              versus


HOFFMAN-LA ROCHE, INC.,
ROCHE LABORATORIES, INC.,
F. HOFFMANN-LA ROCHE LTD.,

ROCHE HOLDING AG,
F. HOFFMAN LA-ROCHE AG,
ROCHE HOLDING LTD.,

Defendants-Appellees,

MCKESSON CORPORATION,
a California corporation,
et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 7, 2010)

Before CARNES, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Appellants appeal an adverse summary judgment in favor of appellees, manufacturers and marketers of the acne drug Accutane. Specifically, appellants assert that the district court abused its discretion in refusing to consider in evidence an abstract of a medical study offered by the appellants and in failing to offer a reason for its refusal.

This case began in 2004, when the multiple toxic torts lawsuits alleging that

Accutane caused Irritable Bowel Disease ("IBD") were consolidated in the Middle District of Florida. In 2007, two years prior to the entry of the summary judgment now before us, the district court entered summary judgment against a number of the Accutane plaintiffs for much the same reason as it did in the order now before us: plaintiffs would not be able to prove liability at trial because, the court having excluded plaintiffs' sole expert, plaintiffs would have no expert testimony as to causation. The district court then stayed the case, pending the results of the appeal of the earlier case, as to the remaining plaintiffs who had not yet designated an expert.

On appeal, a panel of this court upheld the district court's exclusion and summary judgment orders, Rand v. Hoffman-LaRoche Inc., 291 Fed. Appx. 249 (11th Cir. 2008), and, after the case was remanded and the stay lifted, the remaining plaintiffs selected the same expert, Dr. Fogel, as their sole causation expert. The district court determined that Dr. Fogel's opinion as to causation for the remaining plaintiffs relied on the same problematic scientific tests and data as before, with one exception, and, as to that exception, overreached the study's conclusions. On that basis, the district court again excluded Dr. Fogel's expert testimony, leaving this second round of plaintiffs with no expert testimony as to causation, just like the first round of plaintiffs.

After Dr. Fogel was excluded, plaintiffs moved to supplement the record with a newly-discovered abstract (the "Crockett study") linking Accutane to IBD. With no explanation, the district court denied plaintiffs' motion. Plaintiffs now argue that the district court abused its discretion in excluding consideration of the evidence. Had the evidence been admitted, they argue, Dr. Fogel could have relied on it to show causation, and, with this new foundation on which to base his opinion, Fogel would have been admitted as an expert by the court. Had he been admitted, there would have been a genuine issue of material fact as to causation, precluding summary judgment.

We need not evaluate plaintiffs' long string of hypotheticals because, even if the district court had admitted the study, plaintiffs never submitted evidence that Dr. Fogel adopted the study or would have included it in his evaluation. See Dkt. 727, Exhs. 1-3. We can find no abuse of discretion in the exclusion of Fogel's testimony, and, without Dr. Fogel, the district court did not err in concluding that "[w]ithout expert testimony that Accutane can cause IBD, Plaintiffs are unable to prove liability."

**AFFIRMED**.