**In re: ACCUTANE PRODUCTS LIABILITY LITIGATION**

**Gaby Aranda, et al., Plaintiffs,**

**v.**

**Hoffman–Laroche, Inc., et al., Defendants.**

**MDL No. 1626.
Master Case No. 8:04–md–2523–T–30TBM.**

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 14, 2013.

not, the current record is insufficient to warrant a finding that Plaintiff is a vexatious litigant.

Bruce H. Stoltze, Stoltze & Updegraff PC, Des Moines, IA, Jacob A. Flint, Carey, Danis & Lowe, St. Louis, MO, for Plaintiffs.

Bart C. Sullivan, Fox Galvin, LLC, St. Louis, MO, Edward A. Moss, Shook, Hardy & Bacon, LLP, Miami, FL, for Defendants.

## ORDER

JAMES S. MOODY, JR., District Judge.

THIS CAUSE comes before the Court upon Defendants' Motion for Summary Judgment (Dkt. 1246), Plaintiffs' Opposed Motion for an Extension of Time to File Their Disclosure Identifying a General Causation Witness and Expert Reports (Dkt. 1274), and Defendants' Opposition to Plaintiffs' Motion for an Extension of Time to File Their Disclosure Identifying a General Causation Witness and Expert Reports (Dkt. 1284). The Court, having reviewed the motions, response, and being otherwise advised in the premises, concludes that Plaintiffs' Motion for an Extension of Time should be denied and Defendants' Motion for Summary Judgment should be granted.

## BACKGROUND

The Aranda Plaintiffs brought a multi-plaintiff action against Defendants on June 24, 2011 in Illinois state court. Each of the listed plaintiffs claimed to have developed inflammatory bowel disease ("IBD") as a result of their use of Accutane (or to be such a plaintiff's spouse). Gaby Aranda was the first listed plaintiff in the complaint. Defendants removed this suit and the JPML transferred this matter to this Court on June 25, 2012.

On two earlier occasions in this MDL, the Court has struck the plaintiffs' IBD expert proffered to testify about general causation; the Eleventh Circuit affirmed those rulings. In light of these rulings, Magistrate Judge McCoun always puts in place a scheduling order for all new cases transferred to this MDL requiring all prospective plaintiffs to name a general causation expert approximately four months af-

ter transfer to the MDL. Notably, the scheduling order includes language that extension of the dates "should not be anticipated" and will not be entertained "absent a showing of good cause." (Dkt. 1063).

On July 10, 2012, Magistrate Judge McCoun held a status conference for several of the tag-along cases recently transferred to this MDL, including specifically the Aranda multi–plaintiff complaint. The transcript from this hearing reflects that Judge McCoun specifically indicated during the status conference that plaintiffs must disclose their general causation expert by November 19, 2012. Notably, counsel for the Aranda plaintiffs, Jacob Flint, appeared by phone on their behalf. That same day, Magistrate Judge McCoun issued a scheduling order that, in relevant part, required that the Aranda Plaintiffs name their general causation expert by November 19, 2012, and serve a corresponding expert· report by December 17, 2012.

On September 20, 2012, the Court severed the then-remaining approximately 40 plaintiffs from the Aranda joint complaint and ordered any plaintiffs wishing to pursue their suit to file separate complaints, which they subsequently did. The Court's September 20, 2012 order specifically referenced Magistrate Judge McCoun's existing scheduling order.

On December 14, 2012, Defendants' counsel sent a letter to the Aranda Plaintiffs' counsel inquiring as to the overdue general causation expert disclosure. After receiving no response, Defendants filed their motion for summary judgment . on January 10, 2013. Defendants' summary judgment motion argues that Defendants are entitled to judgment in each of the severed cases (as identified on Exhibit 1 to this Order) because, in a. pharmaceutical product liability action, like the instant action, a plaintiff must prove both general and specific causation and must provide expert testimony to satisfy this burden.

On January 31, 2013, in response to the Court's order to show cause directing the Aranda Plaintiffs to file a response to the pending summary judgment motion on or before February 1, 2013, the Aranda Plaintiffs filed their motion for an extension of time to file their expert disclosure and expert report.

## DISCUSSION

### I. The Aranda Plaintiffs' Motion for An Extension of Time to File Their Expert Disclosure and Report

Federal Rule of Civil Procedure 16 requires the district judge, or the magistrate judge, ·to · enter a scheduling order that dictates the time within which the parties must meet certain pre-trial deadlines. Fed.R.Civ.P. 16(b). Notably, the scheduling order may "modify the timing of disclosures under Rules 26(a) and 26(e)(1)". *Id.* The scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot ·be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir.1998) (citing Fed.R.Civ.P. 16 advisory committee's note). ·

■ The Aranda Plaintiffs seek an extension of time to file their expert disclosure and report no later than March 31, 2013, and request the Court to "forego considering" Defendants' motion for summary judgment. Upon consideration of the procedural history of this case and the basis for the Aranda Plaintiffs' motion, the Court denies their request because they do not establish good cause.

The Aranda Plaintiffs do not present any legitimate excuse for failing to meet

the Court's deadlines, let alone the "good cause" standard set forth in Magistrate Judge McCoun's July 10, 2012 scheduling order. The Aranda Plaintiffs merely state that counsel did not receive a "hard copy" of the July 10, 2012 scheduling order. But, as Defendants point out, this excuse is disingenuous in light of a number of factors. Specifically, as stated above, the Aranda Plaintiffs' counsel was present telephonically at the July 10, 2012 status conference where Magistrate Judge McCoun specifically indicated the November 19, 2012 general causation expert disclosure deadline. Given this record, the Aranda Plaintiffs' counsel cannot credibly assert that he was unaware of the expert deadlines.[1]

Notably, as Defendants point out, the official notification from the CM/ECF system makes clear that Plaintiffs' counsel's law firm, Carey, Danis & Lowe, received notice of the July 10, 2012 scheduling order via hard copy at two separate addresses.[2] Even if the Court assumes that none of these multiple official court notices were received, the Aranda Plaintiffs' counsel does not address his failure to inquire about the status of the formal scheduling order Magistrate Judge McCoun stated on the record that he would be issuing (and did issue a few hours later).

Moreover, the Aranda Plaintiffs' counsel does not address the fact that this Court's September 20, 2012 order on Defendants' motion to sever specifically referenced Magistrate Judge McCoun's existing scheduling order. Clearly, counsel for the Aranda Plaintiffs received the September 20, 2012 order, as they subsequently complied with that order when they timely filed complaints for each of the individual plaintiffs.

The Aranda Plaintiffs also do not address why they never responded to Defendants' counsel's December 14, 2012 letter, stating that the general causation expert disclosure was overdue. And they do not explain why they waited more than one month after receiving the December 14, 2012 letter to file their motion for an extension of time.

In sum, the Aranda Plaintiffs waited until January 31, 2013, to request an extension of the expert disclosure deadlines without pointing to any evidence that would establish good cause. The Aranda Plaintiffs' admission that their "diligent" search for an expert did not begin until receiving Defendants' counsel's December 14, 2012 letter is inexplicable. The Aranda Plaintiffs filed this case about nineteen months ago in state court. Their failure to do anything with respect to locating an expert until December 14, 2012, already one month after the disclosure deadline, is inexcusable and demonstrates an utter lack of diligence to pursue their claims in this case. Their delay of another month and a half after the letter before seeking an extension of time is similarly inexcusable. Accordingly, their motion for an extension of the expert deadlines is denied. *See Smith v. Trans–Siberian Orchestra,* 728 F.Supp.2d 1315, 1319 n. 1 (M.D.Fla. 2010) (holding that a motion to extend a scheduling deadline is "held to the 'good cause' standard under Rule 16(b) and should be denied unless the schedule mandated in the scheduling order cannot 'be met despite the diligence' of the moving party"); *Spinelli v. Capital One Bank,*

---

**1.** Notably, the Aranda Plaintiffs' counsel's failure to sign up for electronic service notifications as required by this Court is also not a legitimate excuse.

**2.** The CM/ECF notification also shows that the July 10, 2012 scheduling order was sent via e-mail to three e-mail addresses associated with the Aranda Plaintiffs' counsel's firm: jeff@jefflowepc.com, brenda@jefflowepc.com, and crm@jefflowepc.com.

2008 WL 4937828, at *2 (M.D.Fla. Nov. 18, 2008) (noting that "[w]here a party fails to show such diligence, good cause for a modification cannot be found.").

## II. Defendants' Motion for Summary Judgment

■ Defendants move for summary judgment in their favor in each individual complaint (as identified on Exhibit 1 to this Order) due to the Aranda Plaintiffs' failure to name an expert who is willing to testify that Accutane is generally capable of causing IBD. As this Court previously held in earlier IBD cases, a plaintiff cannot prove liability without expert testimony that Accutane can cause IBD. (Dkts. 620, 729). Here, the Aranda Plaintiffs' cases suffer from the same deficiency. Thus, Defendants are entitled to judgment in their favor in each individual complaint. *See In re Accutane Products Liability*, 2009 WL 3462395, at *1 (M.D.Fla. Oct. 28, 2009), aff'd 378 Fed.Appx. 929 (11th Cir. 2010); *see also Hendrix ex rel. G.P. v. Evenflo Co., Inc.*, 609 F.3d 1183, 1203 (11th Cir.2010), *Rand v. Hoffmann–La Roche Inc.*, 291 Fed.Appx. 249 (11th Cir.2008); *Robinson v. Kaweah Delta Hosp.*, 2010 WL 4644414, at *6 (E.D.Cal. Nov. 5, 2010) (awarding defendant summary judgment because plaintiff's " 'failure to secure and timely disclose expert testimony means that he cannot establish the essential elements of his claim' "); *McClain v. Coco–Cola Co.*, 2009 WL 2985693, at *6 (M.D.Ala. Sept. 16, 2009) (finding that "Plaintiff must use expert testimony to establish whether the coke can was defective" and granting defendant summary judgment because "[Plaintiff] has not designated an expert witness and the deadline to disclose any such witness has long since passed").

Accordingly, Defendants' motion for summary judgment will be granted.

It is therefore **ORDERED AND AD-JUDGED** as follows:

1. Plaintiffs' Opposed Motion for an Extension of Time to File Their Disclosure Identifying a General Causation Witness and Expert Reports (Dkt. 1274) is DENIED.

2. Defendants' Motion for Summary Judgment (Dkt. 1246) is GRANTED.

3. Plaintiffs' Motions to Dismiss (Dkts. 1241, 1243, and 1268) are DENIED AS MOOT.

4. Defendants are granted final judgment in their favor and against Plaintiff(s) in each case identified on Exhibit 1.

5. The Clerk of Court is directed to close each case identified on Exhibit 1.

*Attachment:*

*Exhibit 1*

1. Gaby Aranda and Jose Aranda 8:12–cv–01426

2. Becky Arceneaux 8:12–cv–02189

3. Winifred Baker 8:12–cv–02190

4. Steven Bement 8:12–cv–02191

5. Patricia Beshears 8:12–cv–02192

6. Amy Branham 8:12–cv–02193

7. Lindsay Burnham 8:12–cv–02194

8. Lauren Claridy 8:12–cv–02195

9. Lindsey Claycomb 8:12–cv–02196

10. Roger Coron 8:12–cv–02197

11. Mary Costa 8:12–cv–02198

12. Amy and Rich Daniels 8:12–cv–02199

13. David Davenport and Jessica Tuteur 8:12–cv–02200

14. Arthur Edmonds and Debra Edmonds 8:12–cv–02201

15. Charles Forester and Staci Forester 8:12–cv–02202

1354

16. Frances Freels and William Freels 8:12–cv–02203

17. Jerry Gibson 8:12–cv–02204

18. Natalie Goodwin 8:12–cv–02205

19. Robin Haizman 8:12–cv–02206

20. Tiffany Haskins and Tim Haskins 8:12–cv–02207

21. Gerald Hawthorne 8:12–cv–02208

22. Andrea Horn 8:12–cv–02209

23. Karen Kleng and Michael Kleng, Jr. 8:12–cv–02210

24. Heather Koskela 8:12–cv–02211

25. Sean Landgraf 8:12–cv–02212

26. Viola Lemon and Ralph Lemon 8:12–cv–02213

27. Kathleen Levitt and John Levitt 8:12–cv–02215

28. Patrick Lillis 8:12–cv–02216

29. Heather Maley 8:12–cv–02217

30. Jason Mann 8:12–cv–02218

31. Eric Ott and Dana Ott 8:12–cv–02219

32. Rod Ranney and Karen Ranney 8:12–cv–02220

33. Jonathan Schenk and Crystal Schenk 8:12–cv–02221

34. Omar Sharoune 8:12–cv–02223

35. Cynthia Sullentrup 8:12–cv–02224

36. Brittany Szarek and Joshua Szarek 8:12–cv–02225

37. Delores Trimble 8:12–cv–02226

38. Purdia Walker 8:12–cv–02227

39. Latricia Wigington 8:12–cv–02228

40. Joe William 8:12–cv–02229